IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY SCOTT,<br>    *Petitioner*,<br><br>    v.<br><br>JOHN R. STAPANIK, WARDEN OF SCI, DALLAS et al.,<br>    *Respondents*. | CIVIL ACTION<br><br>NO. 97-5355 |

PRATTER, J.                                                                                         APRIL 26, 2017

## MEMORANDUM

On September 24, 1998, the Honorable William H. Yohn denied Petitioner Gregory Scott's § 2254 habeas corpus petition. Mr. Scott now brings this "Independent Action for Relief from Order Denying Section 2254 Motion or, Alternatively, for Relief Under Rule 60(d) F.R.Civ.P.," which the Court will construe as a motion pursuant to Federal Rule of Civil Procedure 60(d)(1). Because the motion is in substance a successive habeas corpus petition, this Court has no jurisdiction to consider Mr. Scott's motion until he obtains an order from the Third Circuit Court of Appeals authorizing this Court to consider his motion.

I.     BACKGROUND

The Pennsylvania Superior Court summarized the facts of this case as follows:

For several weeks prior to the murder, [Mr. Scott] and the victim, Marlin Ware, engaged in several confrontations culminating on July 7, 1986, with an argument over a crushed cigarette pack. During the fight that followed, the victim pushed [Mr. Scott] and [Mr. Scott] ran into his girlfriend's house to arm himself with a ten inch knife. [Mr. Scott] ran to the victim's house but the victim was not at home. [Mr. Scott] waved the knife about and told the victim's sister that he was going to kill her brother. Approximately one half hour later, [Mr. Scott,] still armed with a knife, confronted Ware, who put down the bottle he was carrying, and implored [Mr. Scott] to fight without the knife. [Mr. Scott] responded by chasing the victim down the street until the victim fell. [Mr. Scott] landed

1

on top of him and stabbed him in the back. [Mr. Scott] fled the scene and Ware died soon after as a result of the stab wound to his lungs and liver.

*Commonwealth v. Scott*, No. 1076 EDA 2014, 2015 WL 7019058, at *1 (Pa. Super. Ct. June 5, 2015) (citation omitted). Mr. Scott was convicted of first-degree murder and possession of an instrument of crime following a bench trial in 1987.

Mr. Scott's trial counsel also represented Mr. Scott during his direct appeal, which concluded unsuccessfully in 1989 when the Pennsylvania Supreme Court denied Mr. Scott's petition for appeal. *See id.* at *2.

Mr. Scott filed a counseled petition for relief pursuant to the Post Conviction Relief Act ("PCRA") in 1992 alleging multiple claims of ineffective assistance of trial counsel. Mr. Scott's PCRA petition was denied by the PCRA court. The Pennsylvania Superior Court affirmed and the Pennsylvania Supreme Court denied Mr. Scott's petition for appeal. *Id.*

Mr. Scott filed a § 2254 habeas corpus petition in 1997 alleging two claims of ineffective assistance of trial counsel. Judge Yohn, adopting Magistrate Judge Arnold C. Rapoport's Report and Recommendation, denied Mr. Scott's § 2254 petition on the merits, finding that Mr. Scott failed to demonstrate that he was prejudiced by any of his trial counsel's alleged errors. *Scott v. Stepanik*, No. 97-5355 (E.D. Pa. Sept. 24, 1998) (Doc. No. 15). The Third Circuit Court of Appeals denied Mr. Scott's application for a certificate of appealability. *Id.* (Doc. No. 19).

Mr. Scott filed a second counseled PCRA petition in 2012 alleging claims of ineffective assistance of both trial counsel and post-conviction counsel. Mr. Scott also asserted a claim of actual innocence. The PCRA court dismissed the petition as time barred and the Pennsylvania Superior Court affirmed. *Scott*, 2015 WL 7019058, at *8.

Mr. Scott now seeks relief from Judge Yohn's September 24, 1998 Order denying his § 2254 habeas corpus petition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(d)(1) authorizes a district court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Courts generally analyze motions brought pursuant to Rule 60(d) in the same manner as motions brought pursuant to Rule 60(b). *Rhone v. Larkins*, Civ. No. 99-743, 2016 WL 3181757, *6 (E.D. Pa. June 8, 2016); *Sharpe v. United States*, Crim. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010). Accordingly, just as in the Rule 60(b) context, a court must first determine whether a motion styled as a Rule 60(d) motion is, in substance, an improperly filed successive habeas corpus petition. *Sharpe*, 2010 WL 2572636, at *2.[1] The Third Circuit Court of Appeals has explained that

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (2004); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (holding that courts should treat Rule 60(b) motions raising new claims premised on "excusable neglect," "newly discovered evidence, or "a subsequent change in substantive law," as successive habeas petitions).

## III. DISCUSSION

Mr. Scott's Rule 60(d) motion seeks to raise new ineffective assistance of counsel claims based on alleged errors by both his trial and post-conviction counsel. Mr. Scott argues that the Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 requires habeas petitioners to obtain authorization from the applicable court of appeals prior to filing a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A).

3

Ct. 1911 (2013) authorize this Court to consider these new claims.[2] In replying to Respondents' opposition to his Rule 60(d) motion, Mr. Scott also raised an actual innocence claim, arguing that he is actually innocent of first-degree murder because a prior brain injury prevented him from forming the specific intent to kill required by Pennsylvania's first-degree murder statute.

Mr. Scott's initial § 2254 petition was not dismissed based on a procedural defect, but was rather decided on the merits. Mr. Scott has not articulated "some defect in the integrity of" his initial habeas proceeding. *Gonzalez*, 545 U.S. at 532. The pending Rule 60(d) motion simply raises new grounds for habeas relief in circumvention of AEDPA's requirements. *See Pridgen*, 380 F.3d at 727 ("When the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."); *Burroughs v. Domovich*, Civ. No. 99-1746 (E.D. Pa. Aug. 10, 2016) (Doc. No. 20) (holding that a petitioner must obtain authorization from the Court of Appeals before a district court can entertain a claim of "actual innocence"); *Graves v. Beard*, Civ. No. 10-894, 2014 WL 7183404, at *3 (W.D. Pa. Dec. 16, 2014) ("To the extent Petitioner attempts to bring a stand-alone actual innocence habeas claim, his Rule 60(b) motion is considered a second or successive habeas petition."). Accordingly, this Court does not have jurisdiction to consider either of Mr. Scott's asserted grounds for habeas relief.

---

[2] In *Martinez*, the Supreme Court held that a petitioner can establish cause for a procedural default of his or her ineffective assistance of counsel claim if (i) a state required the petitioner to raise his or her ineffective assistance of counsel claim on collateral review, (ii) "the state courts did not appoint counsel in the initial-review collateral proceeding," or "appointed counsel in the initial-review collateral proceeding . . . was ineffective," and (iii) "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one . . . ." 566 U.S. at 14. *Trevino* extended *Martinez* to state systems that effectively denied criminal defendants a "meaningful opportunity" to pursue ineffective assistance of counsel claims on direct appeal. *See* 133 S. Ct. at 1921.

## IV. CONCLUSION

For the foregoing reasons, the Court will transfer Petitioner's Rule 60 Motion to the Third Circuit Court of Appeals for consideration as a successive habeas corpus petition.

\* \* \*

An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE